MAKINS et al. v. CROCKER.

(Circuit Court of Appeals, Ninth Circuit.    February 5, 1912.)

No. 2,037.

BANKRUPTCY (§ 303*)—COLLECTION OF ASSETS—ACTION BY TRUSTEE—EVIDENCE
    —SUFFICIENCY.

In an action by the trustee of a bankrupt corporation to recover moneys paid to stockholders on alleged indebtednesses after insolvency, evidence examined, and *held* to sustain a verdict for plaintiff.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 303.*]

Appeal from the District Court of the United States for the Northern District of California.

Action by Henry J. Crocker, as trustee in bankruptcy of Makins & Co., against James N. Makins and others. Judgment for plaintiff, and defendants appeal. Affirmed.

This action was brought by the appellee as trustee in bankruptcy of Makins & Co., a bankrupt corporation, against James N. Makins, Arvilla H. Makins, James N. Makins, Jr., Elizabeth L. Makins, Joseph H. Makins, and two certain banking corporations, to recover a judgment against the individual defendants for a large sum of money alleged to have been fraudulently withdrawn by them from the funds of the corporation and appropriated to their own use, and to have such judgment declared a lien upon certain real property described in the complaint, and for certain injunctive and other relief not necessary to be stated. Upon the issues made, trial was had before the court and a judgment rendered against the defendant Arvilla H. Makins for $6,500, with interest, against James N. Makins for $4,500, with interest, against Elizabeth L. Makins and James N. Makins, Jr., for $4,000, with interest, and against Joseph H. Makins for $1,125, with interest, and decreeing those sums a lien upon the real property mentioned. The court made findings of fact which sustain the judgment entered, but the appellants, who are James N. Makins, Arvilla H. Makins, James N. Makins, Jr., and Elizabeth L. Makins, claim that the findings, in so far as concerns them, are unsupported by and contrary to the evidence introduced in the cause; and that is the only contention involved in the appeal.

H. B. M. Miller, for appellants.
J. Delmore Lederman, for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge (after stating the facts as above). These, among other, facts appear in the findings: For some years prior to April, 1900, the defendant James N. Makins and his two sons, Joseph H. and James N., Jr., and his daughter Elizabeth, were partners engaged in the business of buying and selling stamps in San Francisco under the firm name of Makins & Co. On the 26th of that month and year they, together with the defendant Arvilla H. Makins, who was the wife of James N. Makins, organized under the laws of the state of California a corporation called Makins & Co., with a capital stock of $40,000, and they thereupon transferred to it all of the property and business of the theretofore partnership of Makins & Co. All of the stock of the corporation was subscribed for by the Makins family, and they constituted the board of directors and officers of the

corporation; the defendant James N. Makins being its president, James N. Makins, Jr., its vice president, and Joseph H. Makins its secretary and treasurer. In October, 1903, James N. Makins sold and transferred his stock in the corporation to his son Joseph, receiving therefor $500 in cash from the funds of the corporation, $4,000 borrowed on the note of the corporation secured by pledge of part of its assets, and the individual note of Joseph H. Makins for the balance of $2,000. At the same time Joseph purchased the stock of his brother and sister for $4,000, paying therefor $1,000 in cash out of the property of the corporation and the balance in installments from time to time out of the proceeds of the business. The corporation note for $4,000 borrowed as above stated to pay James N. Makins for his stock was subsequently paid out of the proceeds of the corporation, but in no instance were any of the payments mentioned made out of dividends declared or authorized by any corporate act. All of the stock so purchased by Joseph H. Makins was transferred to him, except 10 shares which were retained by each of the assignors in order to qualify them to act as directors of the corporation. Upon the sale of his stock James N. Makins resigned as president and his son Joseph was thereupon elected president and manager, and James N. Makins, Jr., secretary. The sales and purchases above mentioned were made in good faith; the corporation at the time being solvent and its assets largely exceeding its liabilities. The corporate business was thereafter transacted principally by Joseph H. Makins, but the other members of the family, who, together with himself, constituted the board of directors, were conversant therewith. About the 1st of April, 1906, Joseph H. Makins purchased for and on behalf of the corporation a collection of stamps known and referred to in the record as the "Stoltz collection," for $20,000, paying therefor with money borrowed from a local bank on the note of the corporation indorsed by Henry J. Crocker, the present trustee in bankruptcy. During the same month of April, 1906, practically all of the property of the corporation was destroyed by the great fire which followed the earthquake in San Francisco, except the Stoltz collection of stamps, which had been removed by Joseph H. Makins and his brother from the corporation's safe a short time before the fire and taken by them to the family residence in Oakland, Cal. About the first day of the next month Joseph H. Makins, for and on behalf of the corporation, sold the Stoltz collection of stamps for $22,000, and on the 24th of the same month paid from the proceeds of that sale $6,500 to his mother on an indebtedness claimed to be due her from the corporation, $4,000 to his brother and sister for stamps alleged to have been purchased from them, $1,125 to himself for back salary alleged to be due him from the corporation, $150 to his sister and $90 to his brother James, also for salary for services rendered the corporation. At the time of these payments by Joseph H. Makins to his mother, brother, sister, and himself, the corporation was largely indebted to various persons, and was hopelessly insolvent, which facts were well known to all of the individual defendants constituting the Makins family.

The record shows that at the time of the withdrawal by Joseph H.

Makins of the funds of the corporation with which to pay for the stock held by his father and brother and sister, the corporation was indebted to one J. W. Miller, whose claim has been duly allowed against the estate of the bankrupt corporation, in the sum of $9,000, and that this was done with the knowledge and consent of James N. Makins, James N. Makins, Jr., and Elizabeth L. Makins. A careful reading of the evidence also satisfies us that the trial judge was right in his conclusion that there was no just debt due Arvilla H. Makins from the corporation, and that the payment was made to and received by her for the purpose of defrauding the creditors of the corporation, and was therefore void as to them. No useful purpose would be served by reviewing the evidence in detail. We are also of the opinion that the evidence justifies the finding of the court below to the effect that the payment by Joseph H. Makins to his brother and sister was a pretended payment for stamps already the property of the corporation, and therefore a fraud upon its creditors, and that the payment to himself of $1,125 for salary claimed as due him from the corporation was illegal. There is no pretense of any corporate act authorizing such salary or payments. He himself testified that, after he purchased the stock of the others, he "was really the sole owner of the whole business," yet he claims to have been entitled to a salary.

The appeal is without merit, and the judgment is affirmed.